# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MISAEL MELENDEZ SARAVIA, | Civil Action No. 17-4559 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| CHARLES GREEN, | |
| Respondent. | |

Petitioner Alejandro Misael Melendez Saravia, a detainee at Essex County Correctional Facility, has paid the filing fee and submitted his second Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). For the reasons explained below, the Court will dismiss the Petition.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), district courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

This is Petitioner's second petition seeking habeas relief based on his prolonged detention. On February 7, 2017, the Court denied Petitioner's first petition for habeas corpus, finding that he had already received two individualized bond hearings. (*See* Civ. Act. No. 16-4504, ECF Nos. 5-6.) In his first petition, filed on July 17, 2016, Petitioner stated that he had been detained without bond since January 14, 2016. (*Id.*, Pet. at 4.) On August 23, 2016, this

1

Court directed Respondent to respond to the allegations in the Petition. (ECF No. 2.) On October 11, 2016, Respondent filed its Answer. (ECF No. 4.)

The Answer filed by Respondent in Civil Action No. 16-4504 established the following relevant facts. On January 14, 2016, the Department of Homeland Security ("DHS") took Petitioner into custody and determined that Petitioner was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). (*See* Civ. Act. No. 16-4504, ECF No. 4, Exhibit B – Notice to EOIR: Alien Address, dated January 18, 2016.) When Immigration and Customs Enforcement ("ICE") detained Petitioner, it issued a "Notice of Custody Determination" which determined that Petitioner was to be detained without bond. (*See* Exhibit C – Notice of Custody Determination, dated January 14, 2016, at 1.) Petitioner subsequently requested a bond hearing before an IJ. (*Id.* at 3.) Petitioner appeared before an IJ for a custody redetermination hearing on February 17, 2016, at which time the IJ denied the request, finding that Petitioner was a danger to the community. (*See* Exhibit D – Order of the Immigration Judge with Respect to Custody, dated February 17, 2016.) It appears from the record that Petitioner, through counsel, subsequently submitted a motion to reconsider the IJ's Order denying bond, based at least in part, on a material change in circumstances. (*See* Exhibit E – Bond Appeal Decision dated June 15, 2016, at 2.) Petitioner received a second bond redetermination hearing on May 11, 2016. (*See id.* at 3.) Following the second bond hearing, the IJ issued a written decision denying Petitioner's request for a change in custody status, finding that Petitioner constituted a danger to the community and that he failed to establish a material change in circumstances. (*Id.* at 2-3; see also Exhibit F – Order of the Immigration Judge with Respect to Custody dated May 11, 2016.) Petitioner filed an appeal of the May 11, 2016 bond determination with the BIA. (*See* Exhibit G – Decision of the Board of Immigration Appeals, dated August 25, 2016.) On August 25, 2016,

the BIA dismissed Petitioner's appeal, agreeing with the IJ that Petitioner's arguments and evidence did not establish a material change in circumstances between his initial bond redetermination and his subsequent bond redetermination three months later. (*Id.* at 2.) Additionally, the BIA found that even if Petitioner proved a change in circumstance, he did not establish that he was not a danger to the community. (*Id.*)

On the record presented by Respondent, the Court denied Petitioner's first habeas petition, finding that he has already received a bond hearing, which is the only relief this Court could provide to him, and did not allege that the bond hearings he was provided were anything less than *bona fide* bond hearings.

On June 21, 2017, Petitioner filed the instant habeas petition challenging his prolonged detention, which has now reached 17 months. (ECF No. 1.) The second Petition alleges that Petitioner is not a danger to anyone and should therefore be eligible for release on bond. (*Id.* at 7.) The second Petition does not acknowledge that Petitioner has already had two bond hearings. Nor does the Petition provide sufficient facts to suggest that his prior bond hearings were not *bona fide* or that he is unable to request a new bond hearing due to a change in circumstances. Petitioner states that "[DHS's] refusal to provide a bond hearing before a neutral judge and its utter refusal to establish a bond amount" violates the Constitution. (*Id.* at 15.) This allegation, however, is conclusory, because Petitioner does not provide any facts to show that the IJ was not neutral or that the bond hearings afforded to him otherwise violated his right to due process.

Petitioner has also informed the Court that he has filed a petition for review with the Third Circuit. The Court has reviewed the relevant docket, and it appears that the Third Circuit has issued a stay of removal in connection with the petition for review and issued a briefing schedule. (*See* PACER, Civ. Act. No. 17-2234 (3d Cir.). Thus it appears that Petitioner is

currently detained pursuant to § 1226(a). In his letters to the Court, Petitioner appears to allege that his underlying claims challenging his removal have merit and thus he is entitled to bond under the Third Circuit's decision in *Chavez-Alvarez v. Warden*, 783 F.3d 469, 476 (3d Cir. 2015). That decision applies to criminal aliens detained under § 1226(c) who are <u>not otherwise eligible for a bond hearing</u> absent an Order granting habeas relief. Here, Petitioner is detained pursuant to § 1226(a) and has received two bond hearings. He has not provided any facts to support his allegation that these bond hearings were not *bona fide* or that he is unable to seek another bond redetermination hearing based on changed circumstances. As such, his situation does not warrant relief under *Chavez-Alvarez*.

Here, the instant Petition is once again subject to dismissal because Petitioner has twice received the only relief this Court can provide to him – a bond hearing before an immigration judge. Although he disagrees with the conclusions of the IJ and the BIA, Petitioner has not alleged sufficient facts in the second Petition to suggest that the bond hearings provided to him were anything less than *bona fide* hearings. This Court does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond. *See Pena v. Davies*, No. 15-7291 (KM), 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole")); *see also Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have

jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a *bona fide* bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted).

The Court further notes that due to the stay of removal, it appears that Petitioner is currently held pursuant to § 1226(a) and may seek bond redetermination based upon changed circumstances, *see* 8 C.F.R. § 1003.19(e); the second Petition, however, does not allege that Petitioner has sought (and been denied) a third bond redetermination hearing based on changed circumstances. Furthermore, any claim for a third bond hearing based on changed circumstances must be made to the immigration court, and any adverse decision must be appealed to the BIA. *See* 8 C.F.R. § 1003.19(f). Accordingly, to the extent Petitioner is seeking a third bond hearing, it appears that he has not exhausted his administrative remedies. *Nepomuceno v. Holder*, No. CIV. 11-6825 WJM, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998)). Thus, to the extent there are changed circumstances warranting a bond redetermination hearing, Petitioner's remedy is to ask the immigration court for a bond redetermination hearing and not to file a petition for habeas corpus.

For the reasons explained in this Memorandum Opinion, the Court will deny the Petition without prejudice. An appropriate Order follows.

Madeline Cox Arleo, District Judge
United States District Court